# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUYING LI,<br><br>　　　　　Plaintiff,<br>vs.<br><br>MICHAEL CHERTOFF, As Secretary of the Department of Homeland Security; EDUARDO AGUIRRE, Director of the U.S. Citizenship & Immigration Services; ROBERT S. MUELLER III, Director of the U.S. Federal Bureau of Investigation,<br><br>　　　　　Defendants. | CASE NO. 07cv0429-LAB (LSP)<br><br>**ORDER OF DISMISSAL** |

　　　Plaintiff filed her complaint seeking adjudication of her adjustment of status by the United States Citizenship and Immigration Service ("USCIS"). On December 14, 2008, Defendants filed a notice supported by a declaration showing Plaintiff's application had been processed and her request for adjustment of status granted.

　　　On December 19, 2007, the Court ordered Plaintiff to show cause why this action should not be dismissed as moot. The Court directed her to file a memorandum of points and authorities within 21 calendar days, and warned her if she failed to show cause as ordered, this action would be dismissed without further notice to her.

　　　On January 7, 2008, Plaintiff attempted to file a memorandum of points and authorities in response to the Court's order to show cause, pointing out her permanent

resident card failed to correctly identify her place of birth as Shanghai and her citizenship as being in the People's Republic of China, and instead gave her place of birth as Taiwan. On this basis, she believed her application had not been adjudicated. This attempted filing was rejected and returned to Plaintiff because no proof of service was attached. In its order filed January 17, 2008, the Court noted Plaintiff's claim was new and not included in her complaint. Because Plaintiff has not amended her complaint to add this new claim, nor has she attempted to do so, this new claim is not properly before the Court.

In its order of January 17, 2008, the Court ordered the parties to set a conference with Magistrate Judge Leo Papas and to notify the Court of the results of the conference. The Court then stayed further action pending the outcome of this conference. The Court is now informed this conference has taken place, and at the conference it was decided Plaintiff would submit her request to correct her birth information administratively and Defendants' counsel would attempt to see it is promptly processed.

Because Plaintiff has not yet exhausted her administrative remedies regarding the error she identifies on her permanent resident card, even if the Court were to accept jurisdiction over this new claim, it would immediately remand the matter to the United States Citizenship and Immigration Service for administrative resolution in the first instance. Otherwise, the Court ""would be improvidently bypassing the agency's expertise in immigration matters committed in the first instance to the agency." *Lopez v. Ashcroft*, 366 F.3d 799, 807 (9th Cir. 2004).

The only claim pending before this Court, a claim for adjustment of status, is now moot. Because neither party has shown cause why this action should not be dismissed as moot, nor has Plaintiff amended her complaint to add a new claim, the Court finds it lacks jurisdiction over Plaintiff's moot claim for adjustment of status. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (holding federal courts lack power to decide moot questions).

/ / /

/ / /

/ / /

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: March 13, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge